UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MICHAEL COLE, JR.,

    Plaintiff,

v.                                                    CASE No. 8:11-CV-1836-T-33MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of the Commissioner's decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments.[1] In summary, Plaintiff argues the Court should reverse and remand the Commissioner's decision for two reasons: the Appeals Council failed to consider new evidence properly submitted by Plaintiff and the administrative law judge ("ALJ") failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Suarez, as well as other treating physicians. Although I find no error by the Appeals Council, I find that the ALJ erred by failing to provide the Court with sufficient reasoning for determining that the proper legal analysis has been conducted. Accordingly, I recommend the district judge reverse the Commissioner's decision and remand the matter for further administrative proceedings.

---

[1] The district judge has referred this matter for a report and recommendation pursuant to M.D. Fla. R. 6.01(c)(21).

*A. Background*

Plaintiff was 46 years old at the time of the administrative hearing (T. 132). He obtained a general education development certificate ("GED") and has previous work experience as a press operator, sales associate, and grocery clerk (T. 47, 165). Plaintiff alleged disabilities due to chronic back pain, depression, and panic attacks (T. 32). He filed an application for DIB on March 31, 2008 and SSI on March 25, 2008, alleging a disability onset date of November 1, 2001 (T. 29). His applications were denied initially and upon reconsideration (T. 79-84, 93). On April 8, 2010, the ALJ denied Plaintiff's disability claim (T. 26). Plaintiff requested the Appeals Council review the ALJ's decision and submitted additional evidence in support (T. 5). The additional evidence included a medical report prepared by Dr. Walter E. Afield, M.D. consisting of a retrospective indepth neuropsychiatric evaluation of Plaintiff dated after the administrative hearing (*Id.*). On June 30, 2011, after reviewing the submitted evidence, the Appeals Council denied Plaintiff's request for review (T. 1).

*B. Standard of Review*

To be entitled to DIB or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's residual functional capacity ("RFC"), whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389,

3

390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

  *C. Discussion*

    *1. whether new evidence submitted to appeal council's warrants remand*

Plaintiff argues the court should remand the case because the Appeals Council failed to include any meaningful rationale as to why the new evidence it submitted, consisting solely of Dr. Afield's report, did not warrant remand. Plaintiff maintains that Dr. Afield's report corroborates the findings of Dr. Suarez, Plaintiff's treating physician, who opined that Plaintiff's mental difficulties have resulted in severe physical limitations. Additionally, he argues that the Dr. Afield's report is material as it undermines the ALJ's findings and conclusions regarding the severity of Plaintiff's limitations. In response, the Commissioner contends that the Appeals Council properly reviewed Dr. Afield's report and determined that it did not provide a basis for remanding the ALJ's decision under Sentence Six of 42 U.S.C. § 405(g). The Commissioner further maintains the new evidence reflects limitations after

the period of the ALJ's decision, is speculative, and is not supported by the medical evidence submitted to the ALJ.

"Generally, a claimant is allowed to present new evidence at each stage of the administrative process." *See Flowers v. Comm'r of Soc. Sec. Admin.*, 441 Fed.Appx 735, 745 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). While the Appeals Council's review of the ALJ's decision is discretionary, the Council must "consider 'new and material evidence' that 'relates to the period on or before the date of the administrative law judge hearing decision' and must review if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Flowers,* 441 Fed.Appx at 745. "[N]ew evidence is material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.* (citing *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

> When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and [the court] must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.

*Id.* (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980).

Here, the Appeals Council did not merely perfunctorily adhere to the ALJ's decision. When the Appeals Council denied review, it stated that "[i]n looking at [Plaintiffs] case, [it]

5

considered the reasons [Plaintiff] disagreed with the decision and the additional evidence listed on the enclosed [o]rder of the Appeals Council" and "found that th[e] information does not provide a basis for changing the Administrative Law Judge's decision." (T. 1-2).[2] While this is standard boilorplate language, it still establishes that the Appeals Council did evaluate and consider the evidence and chose to deny review based on that evaluation. *See Smith v. Soc. Sec. Admin.*, 272 Fed.Appx. 789, 801 (11th Cir. 2008) (holding the Appeals Council properly considered new evidence by "specifically stat[ing] that it 'considered the reasons [Smith] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council.'").

### 2. *whether ALJ failed to give proper weight to opinion of treating physicians*

Plaintiff next argues that the ALJ failed to give proper weight to the opinion of Dr. Suarez, his treating physician. He argues that ALJ failed to show good cause for rejecting Dr. Suarez's opinion. Additionally, Plaintiff contends that the ALJ failed to provide any meaningful rationale or assign any weight to several other treating sources.

A court must give a treating physician's testimony substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause for disregarding such opinions "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's

---

[2] The Appeals Council's order listed Dr. Afield's medical report as an exhibit it made part of the record (T. 5).

own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted). An ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240.

Insofar as Plaintiff argues that there was no good cause to discount Dr. Suarez's statements as to the severity of Plaintiff's impairments, the Court agrees. After briefly summarizing Dr. Suarez's mental impairment questionnaire and progress notes, the ALJ concludes in two sentences that "Dr. Suarez's mental assessment appears to contain inconsistencies" and that his "treatment history [is] brief." As such, the ALJ rendered Dr. Suarez's opinions "less persuasive." (T. 37). Dr. Suarez treated Plaintiff over a three month period. While a three month period is not a long period of time, out of all the psychologists that evaluated Plaintiff's mental limitations, Dr. Suarez evaluated Plaintiff the longest and met with him at least seven times. Furthermore, the ALJ does not provide any explanation as to what inconsistencies are contained in Dr. Suarez's report nor can the Court find any. Dr. Suarez opined that Plaintiff was seriously limited in understanding, remembering, and carrying out very short and simple instructions; maintaining regular attendance; working in coordination with others without being unduly distracted; making simple work-related decisions; accepting instructions; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; or responding appropriately to changes in a routine work setting (T. 517). He also opined that Plaintiff was unable to meet competitive standards in remembering work-like procedures; maintaining attention for two hour segments; sustaining an ordinary routine without special supervision; completing a

7

normal workday and workweek without interruptions from psychological based symptoms; or deal with normal work stress (*Id.*). Dr. Suarez's progress reports do not conflict with these statements. In fact, in almost every report, he states that Plaintiff remains depressed and anxious, that Plaintiff isolates himself because he does not like to be around other people like he used to, that he is afraid to travel far away from his home, and that he has suicidal thoughts (T. 521-530). Some of Dr. Suarez's limitations are also corroborated by other evidence in the record. For example, Dr. Antonek described Plaintiff has having impaired attention and concentration and fair insight (T. 431-432). Dr. Rosenthal diagnosed Plaintiff with depression and short-term memory loss (T. 449). Premier Community HealthCare Group, Inc. diagnosed Plaintiff with major depression at a severe level, anxiety disorder, and found Plaintiff had ongoing suicidal thoughts (T. 548-554). Thus, the Court does not find "good cause" to find Dr. Suarez's opinion less persuasive.

As for the ALJ's failure to assign weight to the other treating and consultative physicians, the Court also finds the ALJ erred by not explaining what weight was given to Plaintiff's consultative and treating physicians when it found Dr. Suarez's opinions less persuasive. In fact, although the ALJ has spent a good deal of time summarizing the opinions of Plaintiff's other treating and consultative physicians, the ALJ spent very little time analyzing how those opinions affected his determinations. It is unclear whose opinion, besides the testimony of the Plaintiff, that the ALJ is relying on to make his determinations. "Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions" of other State consultative or

treating physicians as well other treating or non-treating sources that do not work for the State. 20 C.F.R. § 404.1527 (e)(2)(ii); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (providing that the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor, and the failure to do so is reversible error). Accordingly, the Court must remand the Commissioner's decision to explain its consideration of Plaintiff's treating and consultative physicians.

*Conclusion*

For the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be REVERSED and the case be REMANDED for further consideration in accordance with this Order.

2. The Clerk should be directed to enter judgment for the Plaintiff and close the case.

IT IS SO ORDERED at Tampa, Florida on January 17, 2013.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:     The Honorable Virginia M. Hernandez Covington