```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JOHN MICHAEL COLE, JR.,

    Plaintiff,

v.                                    Case No.:  8:11-cv-1836-T-33MAP

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff John Michael Cole, Jr.'s Amended Consent Petition for Attorney's Fees (Doc. # 25), filed on May 7, 2013. Plaintiff seeks an award of $6,442.08 in attorney's fees. For the reasons that follow, the Court grants the motion.

**A.   Eligibility for Award of Fees**

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further proceedings pursuant to sentence four under 42 U.S.C. § 405(g). (Doc. # 22). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

2. **Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The

thirty day clock did not begin to run in this action until this Court's Judgment, entered February 6, 2013 (Doc. # 23), became final, which would have occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala, 509 U.S. at 302. Because Plaintiff's amended motion, including an itemized justification for the amount sought, was filed on May 7, 2013, it is found to be timely filed.

### 3.  Claimant's Net Worth

After reviewing Plaintiff's motion to proceed in forma pauperis (Doc. # 2), the Court is satisfied that Plaintiff's net worth was less than $2 million at the time this action was filed. The Commissioner does not contest this fact. Accordingly, the Court finds this requirement to be satisfied.

### 4.  Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case,

the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5. **No Special Circumstances**

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

### B. **Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $6,442.08 in attorney's fees. (Doc. # 25 at 1). This fee amount represents the following: For Joanne Wilburne, 4 hours at an hourly rate of 180.59 for work performed in 2011, 0.9 hours at an hourly rate of 184.32 for work performed in 2012, and 0.8 hours at an hourly rate of 186.39 for work performed in 2013; for Sarah H. Bohr, 27.3 hours at an hourly rate of 184.32 for work performed in 2012 and 2 hours at an hourly rate of 186.39 for work performed in 2013. (Doc. # 25 at 2).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment in the hourly rate is appropriate. Plaintiff proposes an hourly rate of $180.59 for 2011, $184.32 for 2012, and $186.39 for 2013; the Commissioner does not oppose this proposed hourly rate.

Plaintiff seeks an award based on a total of 35 hours of attorney time. The Court believes 35 hours of attorney time is reasonable in this case.  Therefore, the Court finds $6,442.08 is a reasonable fee in this case.

C.   **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney.  The instant motion proposes that, "[i]f the U.S. Department of Treasury determines that Plaintiff does not

-5-

owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." (Doc. # 25 at 2). As the amount of Plaintiff's debt, if any, has not yet been determined, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff John Michael Cole, Jr.'s Amended Consent Petition for Attorney's Fees (Doc. # 25) is **GRANTED.**

(2) The Clerk is directed to enter Judgment in favor of Plaintiff and against Defendant in the amount of $6,442.08 in EAJA fees.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of May, 2013.

                                                    VIRGINIA M. HERNANDEZ COVINGTON
                                                    UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record